# BELEN REQUENA DE MOLINA

*v.*

# SAN JUAN LIGHT & TRANSIT COMPANY.

San Juan, Law, No. 560.

### DAMAGES.

1. An electric light company is bound to exercise diligence proportionate to the peculiar character and danger of its business.
2. Such a company must take such reasonable precautions as are known to science to prevent a dangerous amount of current from entering a citizen's premises, even though the cause which brought about the dangerous intensity should not be clearly established, if the dangerous current came over the wires of defendant.
3. If deceased was without fault, the presumption is that the electric company was negligent, and it devolves on it to rebut this presumption.
4. Deceased had a right to presume that the company would not expose him to unusual danger, and, if defendant did so expose him, and he was killed, it is liable.
5. The burden is on the plaintiff to show that deceased was killed by an electric shock by current generated by the defendant company.
6. In estimating damages the jury may take into consideration the expectancy of life which deceased had and his earning capacity.
7. In the absence of malice, only compensatory damages may be recovered.
8. If deceased was guilty of negligence which contributed to his death, plaintiff cannot recover even if defendant was also negligent.

Case tried December 3, 1908.

*Messrs. Sweet, Rossy, & Campillo,* attorneys for plaintiff.

*Mr. Henry F. Hord,* attorney for defendant.

Instructions by RODEY, Judge:

The facts in the case sufficiently appear from the instructions.

RODEY, Judge, omitting the formal parts, gave the following instructions to the jury:

This is a plain action for damages, brought by the plaintiff as the widow of her late husband, Francisco Molina, who, she alleges, met his death (on the night of the 1st or the morning of the 2d of April, 1908) through the negligence of the defendant, as set out in the complaint, and which she claims has been shown you by the evidence. The action is filed under § 1803 of the Civil Code of Porto Rico of the year 1902, which reads: "A person who, by an act or omission, causes damage to another when there is fault or negligence, shall be obliged to repair the damage so done."

She claims damages in the sum of $50,000; but her counsel, in his closing argument, stated that she considers about the sum of $25,000 as a reasonable amount to recover on the proofs, but the fact that this amount is claimed is no reason why you should award that sum unless the proofs and the law warrant it.

The defendant filed what in effect amounts to a general denial of all the allegations of the plaintiff.

It may be well to state to you at the outset that the parties to this suit have exactly equal rights before you, which is the same thing as saying that they have equal rights before the law; and the fact that the plaintiff is now a widow and has sustained

Requena de Molina v. San Juan Light & T. Co.

grievous loss in the death of her husband, and for such reason is entitled to the sympathy of all good citizens, is, of itself, no reason why she should recover any sum at all from this defendant unless the defendant is liable in damages under the facts as proved and the law as here given you. Neither is the fact that this defendant is a corporation any reason why you, as fair-minded men, bound by your oaths to hold the scale of justice evenly between the parties, should hold the plaintiff entitled to any damages unless you believe on the facts proved and the law here given you that the defendant is liable.

We might also state that we have noted with satisfaction that in this island there appears to be no prejudice entertained by jurors generally against corporations as such, as is often said to be the case in several sections of the different states of the Union.

Therefore, assuming your minds to be impartial, and that you are possessed of a desire to do exact justice between the parties, and have the moral courage to do it, the court delivers these, its instructions:

There is evidence in this cause tending to show that, on the night of April the 1st, 1908, or the morning of April the 2d, the deceased was in his dining room at Puerta de Tierra, in this city of San Juan, and shortly thereafter was found dead upon the floor thereof. There is also evidence tending to show that his death was brought about by an electric shock. There is also evidence tending to show that there were no currents of electricity anywhere in that vicinity save what were generated by the plant of the defendant. There is also evidence from which the inference might probably be drawn that the deceased received a shock of electricity which caused his death, in an

Requena de Molina v. San Juan Light & T. Co.

attempt upon his part to adjust a bulb of an incandescent light in its socket on the wall, and which electric light was supplied by the defendant for proper compensation on a contract with it.

You are instructed that an electric lighting company which holds itself out to the public as the supplier of electric current for lighting purposes, and which contracts with individuals to furnish light or power over a system constructed and controlled by itself, is bound by the law to a supervision and diligence proportionate to the peculiar character and danger of the commodity in which it deals; and is bound to take such reasonable precautions as are known to science to prevent a dangerous amount of current from entering any citizen's premises; and that such a company is liable for the death of an individual, even though the causes that brought about the dangerous intensity of the electric current that resulted in the death are not clearly established, if you believe, from a preponderance of the evidence, that the extra electricity came over the defendant's system of wires from its supply wires on the street in front of the plaintiff's premises.

And you are further instructed that, if you believe, from a preponderance of the evidence, that the deceased came to his death while innocently, and without knowledge of any danger, using an incandescent light, the current for which was furnished or to which the electricity was supplied by the defendant company, the presumption is that the electric company was negligent; and it devolves upon it to show that the surplus and dangerous current that came over the wires did not occur from any negligent act on its part.

You are further instructed that the deceased had a right to presume that the defendant company would take all proper and

necessary precautions not to expose him to any unusual danger
or risk in or about the lighting of his house with electricity;
and therefore, if you believe, from a preponderance of the evi-
dence, that defendant did so expose him, and that he had no
knowledge of the actual danger at the time he was killed, if you
believe he was killed by an electric shock in the manner indi-
cated by the evidence, then it is your plain duty to find for the
plaintiff, and assess her damages at such reasonable sum within
the amount claimed by her counsel in his argument as you may
believe, as reasonable men, she is entitled to, to compensate her
for her loss.

You are further instructed that the mere fact of the occurring
of the accident and of the death of the plaintiff's husband is
no reason why you should hold this defendant liable unless you
believe, from the showing made by the plaintiff,—because the
burden is upon her to show it by a preponderance of the evi-
dence,—that the death of her husband was caused by an electric
shock from electricity generated at the defendant's plant and
negligently permitted to enter deceased's premises by the defend-
ant. And therefore, if you believe, from a preponderance
of the evidence, that the deceased did not come to his death ·in
such manner, it is your duty to find for the defendant, because
the plaintiff would, in such case, have no right to recover.

In estimating the damages to which the plaintiff may be en-
titled, if you believe, as here instructed, that you should on the
case find for her, you may take into consideration the age of
the deceased, his expectancy of life, and his earning capacity,
of which latter you must be the judge from a preponderance of
the evidence; but you are further instructed that, in this sort of
a case, where no express malice has been shown, recovery of

Requena de Molina v. San Juan Light & T. Co.

damages can be compensatory only, and therefore you cannot give any punitive damages, or, as it is sometimes called, "smart money," against the defendant, if you should find for the plaintiff. If deceased, by his own act, contributed toward his own death, and that act on his part was negligent, and contributed towards the accident which caused his death, then plaintiff cannot recover, even if it has been shown that defendant was also negligent.

You are instructed that by a preponderance of the evidence is not necessarily meant the side that has the more witnesses, but such phrase means the side upon which the truth lies in your minds as honest, fair-minded men, after a full, fair, and impartial consideration of all the facts and circumstances of the case.

Verdict for the plaintiff in the sum of $17,500.